**Affirmed and Memorandum Opinion filed January 31, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-10-01249-CR

_____

**JAMES ALAN MCGOUGH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1260107**

## MEMORANDUM OPINION

A jury convicted appellant James Alan McGough of aggravated assault of a household member and assessed punishment at fifty years' confinement in the Texas Department of Criminal Justice. TEX. PENAL CODE ANN. § 22.02 (West 2011). Appellant challenges his conviction and contends that the trial court abused its discretion in (1) denying appellant's request for a mistrial after a witness testified that appellant had previously been in prison and again after the same witness testified that appellant had used drugs, and (2) allowing the State to elicit testimony over his objection that at the time of the

offense, appellant was on parole. Because the trial court gave a valid curative instruction to the jury to disregard the prison and drug evidence, and because the evidence that appellant was on parole was admissible under Texas Rule of Evidence 608(b), we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant and the victim, Dale Lothridge, were living together as roommates at the time of the offense. On April 20, 2010, the two men and their friends Angel Dover and Danette Key were in a parking lot when appellant and Lothridge began to argue. The argument escalated into a fistfight, and at some point during the altercation, appellant retrieved a knife and stabbed and cut Lothridge several times in the face and chest.

At trial, Key testified that she and appellant had been involved in a romantic relationship in the past. She stated that appellant had been in prison and that she had ended their relationship because of his drug use. The defense objected and simultaneously requested a mistrial after each of these statements, but the request was denied both times. The court did, however, instruct the jury to "disregard . . . the questions by the prosecutor and the response by the witness" related to prison time and drug use, and made it clear that the testimony was not to be considered as evidence in determining appellant's guilt.

The State established during cross-examination that appellant had been sentenced to fifteen years' confinement for a felony conviction in 1987 and to 25 years' incarceration for another felony conviction in 1990. Appellant admitted that he was on parole for the second conviction until 2015 and acknowledged that the commission of a new felony offense would be a violation of his parole. The defense objected to the evidence of appellant's parole status, but the trial court overruled the objection and allowed the evidence to be introduced for the purpose of exposing bias or interest under Texas Rule of Evidence 608(b).

The jury convicted appellant of the charged offense and assessed punishment at fifty years' imprisonment. On appeal, he challenges the trial court's rulings denying his motions for mistrial and overruling his objections to the evidence concerning his parole status.

## II.   ANALYSIS

### A.   Denial of Motion for Mistrial

In his first issue, appellant contends that the trial court erred in denying his requests for a mistrial after Key testified that appellant had been to prison and had used drugs. A mistrial is only required under extreme circumstances, where the prejudice caused by improper conduct is incurable and so harmful that the entire case must be retried. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). We review a trial court's refusal to grant a mistrial under an abuse-of-discretion standard. *Id.* Under this standard, we affirm a trial court's ruling unless its determination lies outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). If the trial court's decision is correct under any theory of law applicable to the case, we will sustain the decision. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

Here, the trial court gave the jury an instruction to disregard Key's testimony. A curative instruction given by the trial court to the jury to disregard improper evidence is presumed to be effective, unless the particular facts of the case suggest the impossibility of withdrawing the prejudicial effect produced on the minds of the jury. *Waldo v. State*, 746 S.W.2d 750, 754 (Tex. Crim. App. 1988). The Court of Criminal Appeals considered the following 6 factors in determining the efficacy of a curative instruction in *Waldo*: (1) the nature of the error, (2) the persistence of the prosecution in committing it, (3) the flagrancy of the violation, (4) the particular instruction given, (5) the weight of incriminating evidence, and (6) the harm to the accused as measured by the severity of the sentence. *Id.*

3

Though the Court of Criminal Appeals declined to expressly adopt this list of factors as exhaustive or definitive, *id*., appellant urges us to apply these factors to the current case. We disagree, however, with appellant's contention that consideration of these factors weighs in his favor, as can be seen by examining the specific questions, answers, and instruction at issue.

Here, the State asked Key, appellant's former girlfriend, "[W]hen did y'all finally stop dating?" and she responded, "2002, and then we—he got out of prison in—"; at this point, appellant's counsel objected, and the trial court instructed Key to answer only the specific question asked. The State then asked, "When you stopped seeing Mr. McGough in 2002, why did you stop seeing him?" and Key answered, "Because he was doing drugs." Appellant's counsel again objected, and outside of the jury's presence, the trial court instructed the witness "not to go into any information about the defendant's past regarding any type of crime, any use of drugs." The trial court then instructed the jury as follows:

> [A]t this time I'm going to instruct you to disregard the questions and the answers—the questions by the prosecutor and the response by the witness as it relates to the two questions that you heard prior to leaving the courtroom. You are specifically instructed that the responses that you heard is [sic] not evidence and cannot be considered by you as evidence in determining the defendant's guilt in this case.

Thus, the error at issue is the State's conduct in asking two questions that elicited irrelevant testimony of extraneous offenses. Considering that appellant was not on trial for a drug-related offense and other evidence of his incarceration was admitted elsewhere without objection, we do not consider these to be incurably serious or flagrant violations of the Texas Rules of Evidence. *See Williams v. State*, 643 S.W.2d 136, 138–39 (Tex. Crim. App. 1982) (concluding there was no reasonable possibility that evidence of the accused's prior incarceration affected the verdict). The State did not persist in committing such errors, and the trial court's curative instruction was specific and emphatic. Moreover, the incriminating evidence was overwhelming and included the testimony of three

4

eyewitnesses. Finally, the sentence of 50 years' incarceration is not particularly severe given that appellant committed the offense—the most violent of the seven offenses of which he has been convicted—while on parole from a 25-year sentence and the range of punishment was 25 to 99 years' confinement. *See Waldo*, 746 S.W.2d at 757 (concluding that, given the nature of the offense, a 99-year sentence could not be attributed to witness's statement that the accused gave no post-arrest statement).

On this record, we cannot say that the State's error in asking when and why Key and appellant stopped dating was so prejudicial as to render the curative instruction to the jury ineffective. We accordingly presume that the jury followed the trial court's instruction to disregard this portion of Key's testimony. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) (explaining that the jury is presumed to have followed the trial court's instruction in the manner presented). We therefore overrule appellant's first issue.

## B. Evidence of Parole Status

Appellant also contends that the trial court erred in overruling his objection under Texas Rule of Evidence 609 to evidence that he was on parole at the time of trial for a prior felony conviction in 1990. We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). Rule of Evidence 608(b) prohibits the use of specific instances of conduct to attack the credibility of a witness, but the Court of Criminal Appeals has recognized an exception to this prohibition where a party seeks to prove a witness's bias or motive to testify falsely. *Lagrone v. State*, 942 S.W.2d 602, 613 (Tex. Crim. App. 1997).

Here, the State elicited testimony from appellant that he was on parole and that committing a new felony would violate the conditions of his parole. The defense objected to this evidence, arguing that it did not satisfy the provisions of Rule 609 for impeachment by evidence of conviction of a crime. The trial court overruled the objection, and stated

5

that under Rule 608(b), the evidence was admissible to expose a witness's bias or interest in testifying. The State argues that appellant failed to preserve this complaint for appeal, that the trial court did not err in overruling the objection, and that if the trial court erred, then the error was harmless. We agree with the State's assertion that no error was made, and thus we need not reach either of the two other arguments.

Here, appellant complains of the following exchange:

State: And you are currently on parole for that case; is that right?
Appellant: Yes, sir.
State: And you are on parole for that case until January 25, 2015; is that right?
Appellant: Correct, yes, sir.

…

State: It would be a violation of that parole that you're on until 2015 to commit a new felony offense?
Appellant: Yes, to my knowledge, it is.

In eliciting this testimony, the State sought to show that appellant was biased as a witness and had a motive to testify falsely to avoid being convicted of a violation of his parole. The trial court allowed the introduction of this evidence under Rule of Evidence 608(b), and we conclude that it did not err in overruling appellant's objection. We accordingly overrule appellant's second issue.

### III. CONCLUSION

On this record, we find no reversible error in the trial court's rulings denying appellant's motions for mistrial or his objection to testimony that he was on parole at the time of trial.

We accordingly overrule the two issues presented for our review and affirm the trial court's judgment.



/s/     Tracy Christopher
            Justice


Panel consists of Chief Justice Hedges and Justices Christopher and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).